Good morning, Your Honors. Frank Sproul is appearing for the petitioner. This case presents the modest issue of whether or not what I think can be characterized as an honest, innocent, ministerial error. Standing alone can support a motion to repeal. Please make sure you speak directly in the microphone, Mr. Sproul. Will do. And if you need to move the mic closer, that's fine. How's this? Better? Better. Okay. Should I repeat myself? No. Okay. And certainly our position is that, you know, a lawyer can't simply file a whoops motion at any time. There has to be really extraordinary circumstances that almost to the level of force majeure, which I think we have here. I mean, I'm a little awkward here that the attorney below is me. You know, it was a perfect storm of factors. We were leaving our office of 25 years. We had all of our boxes were being moved to the new office, and then COVID hit. There was a lockdown, so we couldn't go in. So we were sort of betwixt and between, and we missed the jurisdictional filing deadline. The petition for review and the stay had been filed. It was prepared. It just wasn't filed. The respondent went to successor counsel, and 33 days after the jurisdictional time had passed, a motion to reopen was filed, which was simply asking the modest relief to have the BIA issue the same decision with a new date to preserve appellate review here. The board basically said you didn't follow all of the predicates of Lozada, specifically the Barr complaint. Prior counsel pointed out numerous Ninth Circuit case law. They said that's not always necessary, especially here. I mean, I think it's clear. The Barr complaint requiring Lozada is for venal, turpitudinous attorney error, dishonesty, failure to file a cognizable form of relief, not what we have here, which is a human error based on very specific facts that are unlikely to be repeated. Indeed, the case that the board used is the matter of Melgar, which couldn't be any different than here. In that case, the attorney who made the error was the one who filed the motion. It turned out he didn't provide any rehabilitative evidence. He filed the motion to reopen and said, well, there is plenty of rehabilitative evidence. I just didn't get it, and here it is now. It's completely different than what we have here. So, I mean, I think this is just a rare case where the rather recondite requirements of Lozada simply don't apply. I don't think there's any doubt that this was clearly a simple human error, and it would preserve the right to have appellate review, which is especially compelling because it's a pretty strong motion to reopen. This gentleman was ---- Assuming we were to agree with you that the BIA abused its discretion here by strictly enforcing Lozada, on this record, I wonder what the point of remanding would be. For a prejudice determination, it seems like a prejudice finding might be somewhat unlikely, so maybe what's your best case that there was prejudice? Well, yeah, the best case is I think that, you know, we would have review by this court. I mean, the BIA's decision, I think, was really ---- I didn't quite get it. I mean, this was a case where the judge found the hardship. This gentleman was this close to a green card. However, she said, you know, he had some persistent problems with alcohol, and in her discretion, she denied it. In our motion to reopen, we demonstrate that he was taking this, a drug that like literally prevents you from drinking. We had a letter from his doctor who prescribed that drug. We said he's been clean and sober for quite some time, and, you know, he talked about the efficacy of that drug, and his wife was pregnant. So these are some pretty compelling factors, and the board didn't say a word about the pregnancy of the wife and somewhat uncharitably said, well, he could have taken the drug and started that sooner, which I think is a little odd because, I mean, I don't think this guy is any kind of expert on, you know, anti-alcohol drugs, and he went to his doctor, and he started that regime after the time. And so I think if, you know, because the remand is only asking the board to issue the same decision, and then review would be by this court. And I think based on this record, it's a pretty darn strong motion to reopen. And, you know, unless there's any further questions, I'll reserve. No. Okay. Thank you. I can't hear you. Can the court hear me? Yes. Thank you. Great. Thank you. Technical difficulties. Good morning, Your Honors. May it please the court. My name is Jessica Lesnow, and I represent the Attorney General in this case. As the court is aware, petitioner seeks review of the board's denial of what was his second motion to reopen, which was untimely because it was filed a year after the board's final order of removal. So what petitioner did, as he explained, is he asked the board to reopen and then resend and reissue the agency's prior decision to reset the 30-day clock to file a PFR based on a claim of ineffective assistance. But he did demonstrate that he should be excused from the restrictions on the time and number bars governing motions to reopen, where he failed to comply with the procedural requirements outlined in Matter of Posada, specifically Step 3, as Your Honors are aware. And it was no abuse of discretion here for the board to deny petitioner's motion based on this failure. Consequently, respondent argues that the court should deny the petition for review in this regard. So, counsel, before we get into questions on Lasada, would you agree that if we disagreed with your position on Lasada, that because the board did not reach anything other than Lasada, didn't discuss prejudice, and you haven't argued that there was no prejudice, that we couldn't alternatively accept the board's ruling on a ground of no prejudice, that that's not within our ability to do? I agree with that, Your Honor. Okay, so please proceed. I would like to get, though, to that question of prejudice and get to something that is unique about the posture of this case. And that is, if this court were to remand to the board, the board does as petitioner has asked, they reissue their decision. Petitioner files a petition for review. What would be on review before this court is the board's decision on the underlying motion to reopen. And that decision was a decision on the agency's discretionary denial of cancellation of removal. Now, this is not, we did not argue this in our brief, nor did petitioner address it, but a month ago this court decided OCHOA, which opined or was a subsequent decision to the Supreme Court's decision in Patel. And that discussed the court's authority to address discretionary decisions or any authoritative decision relating to the agency's discretionary determination. So there's potentially the issue of how this court would address a follow-up PFR from petitioner on the BIA's underlying motion, or I'm sorry, on the BIA's underlying decision on his motion. But that's not before us now. That's right, Your Honor. So let me get to my biggest concern with the Attorney General's position here. It seems like the Attorney General is arguing basically that notwithstanding our case law, including Castillo-Perez, this bar complaint requirement is mandatory 100% of the time because I just don't see how you could have a more compelling case for it's unnecessary than the one here. I mean, everybody knows COVID was going on. COVID affected all of us. I mean, as counsel admits, it's unfortunate what happened, but it's hard to imagine doubting the accuracy of what they submitted that this was a COVID problem and they just missed a deadline. So how is this case distinguishable from Castillo-Perez, and what purpose would a bar complaint have served here? I agree, and I think we understand that there are circumstances, especially extenuating circumstances that were attributable to COVID that no one could have anticipated. And certainly we understand that things can be miscalendared. But I think what this case gets to, and what the Board's decision gets to, is its reliance on matter of Melgar, which is a precedent Board decision that was decided after the Ninth Circuit's precedent cases and in cases like Castillo-Perez and that similar line of case law that said that the bar notification requirement could be waived in certain circumstances. In Melgar, I think the Board was really responding to a concern about continuing representation by the same counsel where counsel commits an error and then says, well, that was my mistake, I admit it, but because this client has agreed, they still want me to represent them, there's no need to file a bar complaint. And I think the Board was seeing a significant increase in these types of motions to reopen. And there's obviously concern that in certain cases, attorneys could be either colluding with clients to fop around procedural rules or that attorneys could be taking advantage of clients, sort of persuading them, maybe not to file the bar complaint, and then continuing on with the representation. And I think what Melgar really tries to get to, and the reason the Board applied it here, is not the particular circumstances of this case, but the requirement as a whole. And that's where counsel says they will self-report. Is that a sufficient explanation for why they have failed to do so? So is it your view, or is it the Attorney General's view, that in light of Melgar, that we as a three-judge panel should decide essentially that Melgar overruled Castillo-Perez and that line of cases, and that we can no longer follow them because of Melgar? I don't think that we are asking, nor is the Board, asking this Court to overrule its prior precedent in that regard. So if we're not going to overrule our prior precedent, or say that as a result of Melgar and other BIA decisions, Castillo-Perez is no longer good law. If we're going to follow Castillo-Perez, explain to me how it is distinguishable in a way that helps the Attorney General's position. How this case is distinguishable from, for example, Castillo-Perez? Yes, in a way that would lead to the result you want. Well, I think that one thing that Castillo-Perez and that line of case law emphasize is that the bar complaint requirement can be done away with where the purposes of LAZADA are fully served by other means. And that's Castillo-Perez at 525, I believe. So, of course, the Court was recognizing that the LAZADA requirements aren't sacrosanct, but again, the purpose is fully served by other means. And the purpose here of the reporting requirement, the Board says, is specific to protecting petitioners, or in the case before the agency, respondents, from potentially abusive behaviors by attorneys on the whole. And the reporting requirement serves to alert disciplinary authorities because disciplinary authorities, like the state bars, are the only ones who are in a position to recognize what may be a pattern. And so while it might be excusable in one case to have missed a deadline, if a law firm is repeatedly failing to file petitions for review on behalf of their clients, then the disciplinary authorities should know about that, and that individual should be punished. But it's difficult to say on the individual case level because that type of a pattern is not visible just on the record of one individual case. Did I answer your question? I don't think the answer. For me, the answer doesn't work. But you answered my question. Thank you. Again, I would emphasize that this case is in the context of abusive discretion. And so the question really gets back to, does the board abuse its discretion by requiring a bar complaint to be filed when it's looking at unique cases of self-reporting and continued representation by the attorney who's claiming error? So in this case, we think that the bar notification requirement was obligated to be satisfied, and the board did not abuse its discretion by relying on its precedent in matter of mail bar. And for that reason, we would ask the court to dismiss the petition for review. All right. Thank you, counsel. Counsel, you have a substantial amount of time left for rebuttal. I may not need a substantial. But first, in terms of prejudice, in this case it's prejudice writ large. The petitioner was denied the opportunity to have this court review the BIA's denial. And as I said earlier, I believe this is a very strong motion to reopen. When counsel talks about, you know, are the other components of Lozada complied with, well, here they were. Right? We had a declaration from the client who fully understood what happened and wanted to go forward. There was a declaration from yours truly who explained, you know, the unique circumstances. It was clearly there's no pattern of blowing off petitions for review from our office. And, in fact, the motion to reopen was filed 33 days after the actual time for the petition for review. So those concerns that you stated simply don't exist here. Again, I think this is a paradigmatic example of why the bar complaint is simply not necessary. There isn't any doubt that this was a perfect storm of factors and it was a mistake. And we apologize, but clearly excusable error. And, again, the jurisdictional question, I mean, there's a case, Fernandez, that says you can – there's always jurisdiction to do a motion to reopen based on an underlying discretionary matter if the new facts are compelling and almost are coterminous with a new film of relief. And that's what we have here, where basically she said he was an irredeemable alcoholic and he presented a bunch of evidence to show that he had completely turned his life around. That's a new fact. That's a new theory almost. So, I mean, it was a strong motion to reopen, but for the failure to file a petition for review, this alien was denied the opportunity to have this court review the motion to reopen, which, of course, certainly has jurisdiction and we would have been very comfortable with the outcome. He never got that. So, again, I think government counsel quite properly states that Melgar didn't overturn the Ninth Circuit cases. This fits those Ninth Circuit cases completely. And, again, the difference between us and Melgar couldn't be any more stark. He didn't just make a mistake. Melgar actually said, well, there was a bunch of rehabilitative evidence I needed to get because there was a visa petition. He didn't get it. Then 60 or 90 days later, he says, oh, here's a whole bunch of rehabilitative stuff. I never got it. Here it is now. And it's my mistake. It's my bad. So, therefore, agree to the motion to reopen. What could be different than this case when it was simply a filing deadline was missed based on a confluence of factors, moving from an office of 25 years and that little issue known as COVID and an actual lockdown. So, we were almost like a man without a country. We were a firm without an office. And, again, it was remedied almost immediately. So, again, we would simply ask a remand for the incredibly modest relief, simply have the board reissue the same decision, then we'll have a petition review before this court. And I would submit the matter. All right. We thank counsel for their arguments, and the case just argued will be submitted.
judges: BEA, BENNETT, THOMAS